UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEAH PRIDA, | ) | CASE NO. 5:23-cv-905 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| OPTION CARE ENTERPRISES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Leah Prida ("Prida") is a former employee of defendants Option Care Enterprises, Inc. and Clinical Specialties, Inc. (collectively, "Option Care"). In March 2022, Option Care terminated Prida for failing to follow its Covid-19 vaccinate-or-test policy. In this lawsuit, Prida claims that Option Care violated both Title VII of the Civil Rights Act and Ohio law by failing to accommodate her religious beliefs and by firing her. (Doc. No. 10 (Amended Complaint).) Prida now moves for partial judgment on the pleadings. (Doc. No. 27.) Option Care opposes the motion (Doc. No. 30), and Prida replied. (Doc. No. 31.) For the reasons explained below, Prida's motion is **DENIED**.

**I.    BACKGROUND**

Prida was a network specialist for Option Care. (Doc. No. 10 ¶¶ 8, 11–12.)[1] At the start of the Covid pandemic, Option Care "implemented a policy which permitted employees in certain

---

[1] The Court set out the facts of this case in a prior memorandum opinion and order. (*See* Doc. No. 16, at 1–4.) The Sixth Circuit did as well. *See Prida v. Option Care Enters., Inc.*, No. 23-3936, 2025 WL 460206, at *1–3 (6th Cir. Feb. 11, 2025). Familiarity with those facts is assumed, and the Court details only the facts and procedural history

1

positions to work remotely in certain circumstances[.]" (Doc. No. 24 (Amended Answer) ¶ 15.) But in late 2021, Option Care announced a return-to-office policy that required in-office employees to either receive a Covid vaccine or request an exemption. (Doc. No. 10 ¶ 21; Doc. No. 24 ¶ 28.) That policy applied to employees in Prida's position, who "were required to work on-site at least once or twice per week because of their specific job duties." (Doc. No. 24 ¶ 52.)

Prida—citing various religious beliefs and medical concerns—requested an exemption from the policy. (Doc. No. 10 ¶ 40; *see* Doc. No. 12-1, at 4.)[2] Option Care exempted Prida from the vaccine mandate but required her to take a weekly Covid test. (Doc. No. 24 ¶¶ 41–43, 62.) In response, Prida objected to the testing requirement. (*Id.* ¶¶ 44–45.) Prida sought a remote working arrangement or alternative testing methods as accommodations, both of which Option Care denied. (*See, e.g.*, *id.* ¶¶ 54–55, 57–58.) Option Care gave Prida several warnings that failure to comply with the testing requirement would result in termination. (*Id.* ¶¶ 47, 49, 55, 57, 59, 61.) When Prida refused to be tested, she was terminated. (*Id.* ¶ 63.)

This lawsuit followed. Prida alleges that Option Care engaged in discrimination based on her religion, failed to accommodate her religious beliefs, and retaliated against her. (Doc. No. 10 ¶¶ 66–88.)[3] This Court dismissed Prida's claims because it concluded that Prida's objections to the testing mandate were primarily secular, and so not protected by Title VII. (Doc. No. 16, at 6–12.)

---

necessary to resolve the pending motion. As explained below, the Court accepts Prida's uncontested allegations and Option Care's denials as true for the purposes of this motion. *Lowden v. Cnty. of Clare*, 709 F. Supp. 2d 540, 546 (E.D. Mich. 2010).

[2] All page number references are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

[3] In Prida's amended complaint, paragraphs 83–88 are incorrectly labeled as the paragraphs 21–26. To avoid confusion, the Court refers to the second set of paragraphs 21–26 as paragraphs 83–88.

After dismissal, the Sixth Circuit decided two cases concerning the pleading standard in a Title VII case like this one: *Lucky v. Landmark Med. of Michigan, P.C.*, 103 F.4th 1241 (6th Cir. 2024) and *Sturgill v. Am. Red Cross*, 114 F.4th 803 (6th Cir. 2024). Those cases clarified that when "a plaintiff pleads both religious and secular concerns, particularized allegations of religious beliefs in the complaint are sufficient at the motion to dismiss stage." *Prida v. Option Care Enters., Inc.*, No. 23-3936, 2025 WL 460206, at *5 (6th Cir. Feb 11, 2025) (citing *Sturgill*, 114 F.4th at 808); *see also Lucky*, 103 F.4th at 1243 (holding that a plaintiff must only plead "facts supporting an inference that her refusal to be vaccinated for Covid was an aspect of her religious observance or practice or belief" to withstand a motion to dismiss (citation and quotation marks omitted)).

In light of *Lucky* and *Sturgill*, the Sixth Circuit reversed. *Prida*, 2025 WL 460206, at *5. It concluded that "Prida sufficiently *pled* that refusing weekly Covid testing was an aspect of her religious belief." *Id.* (emphasis added). It recognized, however, that "discovery and summary judgment" would "provide the opportunity to carefully scrutinize the basis of Prida's refusal to take Covid tests, including through a deposition of Prida." *Id.* Now on remand—before any discovery has taken place—Prida seeks a partial judgment on the pleadings. (*See* Doc. No. 27.) She argues that the amended complaint and answer, along with some judicial admissions, establish that Option Care failed to accommodate her religious beliefs. (*Id.*)

## II. STANDARD OF REVIEW

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). In evaluating a motion for judgment on the pleadings "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.

3

2007) (citation and quotation marks omitted). So, "when the plaintiff moves for judgment on the pleadings, the motion should be granted if, on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law[.]" *Lowden v. Cnty. of Clare*, 709 F. Supp. 2d 540, 546 (E.D. Mich. 2010) (citations and quotation marks omitted). "In other words, if a defendant's answer admits, alleges, or fails to deny facts which, taken as true, would entitle a plaintiff to relief on one or more claims supported by the complaint, then the plaintiff's Rule 12(c) motion should be granted." *Id.* (citing *Nat'l Metro. Bank v. United States*, 323 U.S. 454, 456–57, 65 S. Ct. 354, 89 L. Ed. 383 (1945)).

## III. DISCUSSION

Prida is not entitled to the partial judgment she seeks unless the pleadings—viewed in the light most favorable to Option Care—show that "(1) [she] has a sincere religious belief that conflicts with an employment requirement; (2) [Option Care] was on notice about the conflicts; and (3) [she] was discharged or disciplined for failing to comply with the conflicting employment requirement." *DeVore v. Univ. of Kentucky Bd. of Trs.*, 118 F.4th 839, 845 (6th Cir. 2024) (citations and quotation marks omitted), *cert. denied*, 145 S. Ct. 1903 (2025).

To resolve this motion, the Court need look no further than the first requirement.[4] As Prida acknowledges (Doc. No. 27, at 10), to satisfy the first element of her prima facie case, she "must prove that the belief for which protection is sought is religious in [her] own scheme of things, and

---

[4] Prida also argues that Option Care admitted facts that establish the second and third elements of her failure to accommodate claim. (Doc. No. 27, at 4.) Although Option Care does admit that Prida requested a religious exemption (Doc. No. 24 ¶ 68), it argues that because it "dispute[s] that [Prida] can establish the first element of a prima facie case under Title VII . . . it necessarily follows that [it] also dispute[s] that [Prida] can establish the second and third elements of the prima facie case." (Doc. No. 30, at 13–15 (emphasis omitted).) As explained below, the Court need not consider that dispute because "even if [Prida] conveyed to [Option Care] that [she] had a religious belief conflicting with [Option Care's] policy, that would not matter [] unless such religious belief was sincerely held." *Equal Emp. Opportunity Comm'n v. Publix Super Markets, Inc.*, 481 F. Supp. 3d 684, 699 (M.D. Tenn. 2020) (emphasis removed).

that the belief is sincerely held." *Brown v. MGM Grand Casino*, No. 2:22-cv-12978, 2024 WL 4819575, at *4 (E.D. Mich. Nov. 18, 2024) (citations and quotation marks omitted); *see DeVore*, 118 F.4th at 846. Although her briefing is not entirely clear, Prida seems to argue that Option Care judicially admitted her beliefs were religious and sincere, and that even if it had not, the Court cannot look past the pleadings to evaluate her beliefs. Neither argument is convincing.

### A.     Judicial Admission

Prida points to Option Care's statements in its motion to dismiss and appeal briefing as proof that Option Care has judicially admitted that Prida held sincere, religious beliefs. (Doc. No. 27, at 15.) "In order to qualify as judicial admissions, an attorney's statements must be deliberate, clear and unambiguous." *MacDonald v. General Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997) (citing *Oscanyan v. Arms Co.,* 103 U.S. 261, 263, 13 Otto 261, 26 L. Ed. 539 (1880)). "[G]uarded" or "qualified" statements do not qualify. *Id.*

Citing that standard, Prida asserts that "[t]here is no reasonable question that [the statements] regarding the sincerity and validity of Prida's religious beliefs and practices" are judicial admissions. (Doc. No. 27, at 15.)[5] Option Care reads its statements differently. (Doc. No. 30, at 18–23.) It contends that neither is a "deliberate, clear and unambiguous admission" because both statements were expressly qualified. (*Id.* at 22.)

The Court agrees that Option Care's statements do not qualify as judicial admissions. To be sure, Option Care's motion to dismiss accepted the sincerity of Prida's beliefs, but *only* "for purposes of" the Rule 12(b)(6) motion. (Doc. No. 12, at 11 n.3.) Far from conceding any facts,

---

[5] In her reply, Prida also points to a statement from Option Care's opposition to the motion for judgment on the pleadings that, in her view, "openly lay[s] out [Option Care's] position in this case." (Doc. No. 31, at 6.) That statement, though, is a quote from Option Care's earlier motion to dismiss briefing—not the opposition brief—and was included to rebut Prida's judicial admission argument. (*Id.*) Even if it were not, the Court would not read the cited statement as a concession that Prida had sincere, religious beliefs.

5

Option Care expressly "reserve[d] the right to challenge any and all of [Prida's] factual allegations as the case moves forward." (*Id.*) On appeal, Option Care reiterated those reservations. (*See* Brief of Appellee at 13, *Prida v. Option Care Enterprises, Inc, et al.*, No. 23-3936, 2025 WL 460206 (6th Cir. 2025) (Doc. No. 21).) And, as explained below, those qualified statements are "inconsistent with [Option Care's] pleadings[.]" *MacDonald*, 110 F.3d at 340. Accordingly, any statement in Option Care's motion to dismiss or appeal briefing conceding Prida's religious beliefs cannot be considered "deliberate, clear[,] and ambiguous" such that they qualify as judicial admissions. *Id.* (citing *Oscanyan*, 103 U.S. at 263). Indeed, to bind Option Care to statements made in support of a motion to dismiss would be particularly troubling, given the obligation to concede the opposing party's version of event in moving to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Prida cannot rely on those statements to make out her prima facie case.

### B. Sincere Religious Belief

Alternatively, Prida appears to argue that the pleadings show she holds a sincere religious belief. (*See* Doc. No. 27.) In this procedural posture, that assertion must be measured against "the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer[.]" *Lowden*, 709 F. Supp. 2d at 546 (citations and quotation marks omitted). Here, Option Care does not admit that Prida holds sincere religious beliefs. In the amended complaint, Prida directly alleged that she "holds sincere religious beliefs that prevent her from receiving either a COVID-19 vaccine or conducting weekly [] testing." (Doc. No. 10 ¶ 67.) Option Care denied that allegation. (Doc. No. 24 ¶ 67.) Other denials in the complaint are consistent with that theme. Prida, for example, alleges that when she submitted her religious accommodation request, she stated her religious beliefs and explained why they precluded her from receiving the vaccine or

from undergoing certain testing. (Doc. No. 10 ¶ 40.) Option Care answered that allegation by admitting that Prida submitted a request while also denying "the remaining allegations" of the paragraph. (Doc. No. 24 ¶ 40.) Option Care's denials exhibit a dispute concerning the first element of Prida's prima facie case.

To be sure, accepting Prida's allegations about her religious beliefs, she pled sufficient facts to withstand a motion to dismiss. *Prida*, 2025 WL 460206, at *5; *Sturgill,* 114 F.4th at 806–07. But now the tables are turned. The Court is obligated to construe the pleadings in the light most favorable to Option Care. *Lowden*, 709 F. Supp. 2d at 546. And the conclusion that Prida's beliefs are primarily secular—and thus beyond the ambit of Title VII—"is one plausible way to read the facts alleged in the [c]omplaint and may prove true as the parties engage in discovery and motion practice." *Prida*, 2025 WL 460206, at *5. Said another way, absent an admission by Option Care that Prida had a sincere religious belief, Prida will need more than her own allegations to make out her case—she will need evidence. *DeVore*, 118 F.4th at 844 ("Parties must go beyond the pleadings in advancing, or defending against, a summary judgment motion." (citation and quotation marks omitted)).

On that score, the Sixth Circuit has already recognized that "the discovery and summary judgment stage [] will provide the opportunity to carefully scrutinize the basis of Prida's refusal to take Covid tests, including through a deposition of Prida." *Prida*, 2025 WL 460206, at *5. Several of the cases cited by Prida make the same observation. *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1012 (7th Cir. 2024) ("These cases will now proceed to discovery, where [the defendant], like any employer, will be permitted to develop evidence that the beliefs in question are not sincere or even religious." (citation and quotation marks omitted)); *Bazinet v. Beth Israel Lahey Health, Inc.*, 113

7

F.4th 9, 17 (1st Cir. 2024) ("The sincerity of [the plaintiff's] religious belief is a proper subject for discovery, and it cannot be resolved at this early stage.").

Relying primarily on cases reviewing motions to dismiss, Prida argues that "once it is determined that a religious belief or practice has been plausibly alleged . . . the validity of the religious nature of the claim" cannot be questioned. (*See* Doc. No. 27, at 16.) To be sure, there are some limitations in this realm. A "religious belief 'need not be acceptable, logical, consistent, or comprehensible to others in order to merit' protection, and Title VII is agnostic to the reasonableness 'of the particular belief or practice in question.'" *DeVore*, 118 F.4th at 845–46 (quoting *Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 714, 101 S. Ct. 1425, 67 L. Ed. 2d 624 (1981)). Put differently, "courts may not question the veracity of one's religious beliefs." *Sturgill*, 114 F.4th at 809 (citing *Hernandez v. C.I.R.*, 490 U.S. 680, 699, 109 S. Ct. 2136, 104 L. Ed. 2d 766 (1989) and *Thomas*, 450 U.S. at 714).

Those limitations, however, do not compel judgment for Prida at this early stage. Discovery is necessary, for example, to determine whether Prida's beliefs fall within the scope of Title VII, which "attaches to practices rooted in 'religious principle,' but not to purely secular beliefs, such as those that are 'essentially political, sociological, or philosophical,' a matter of personal preference, or the product of 'a merely personal moral code.'" *DeVore*, 118 F.4th at 845 (quoting *Welsh v. United States*, 398 U.S. 333, 342–43, 90 S. Ct. 1792, 26 L. Ed. 2d 308 (1970) and *United States v. Seeger*, 380 U.S. 163, 172, 85 S. Ct. 850, 13 L. Ed. 2d 733 (1965)). Indeed, these types of cases routinely proceed to summary judgment on this issue. *See, e.g.*, *Sturgill*, 114 F.4th at 810–11 ("[T]he procedural posture and specific facts alleged [at the motion to dismiss stage] mean that we need not define the outer limits of Title VII's scope on this point. Rather, we leave it to the parties to factually probe plaintiff's claims and defendant's actions during discovery, to the district

8

court to test those facts at summary judgment, and then ultimately (if her claim survives summary judgment) to a jury to resolve those facts at trial."); *Bobnar v. AstraZeneca Pharms. LP*, 758 F. Supp. 3d 690, 715–21 (N.D. Ohio 2024) ("The Court agrees with [the plaintiff] that the appropriate lens through which a plaintiff's religious beliefs should be evaluated at summary judgment is whether there is an indication that a claimed religious belief is instead a non-religious belief." (citing *Welsh*, 398 U.S. at 339)); *DeVore v. Univ. of Kentucky Bd. of Trs.*, 693 F. Supp. 3d 757, 762–63 (E.D. Ky. 2023) ("Though courts should not inquire into validity or plausibility of a belief, [a] court should decide whether the beliefs are truly held and whether they are religious."), *aff'd*, 118 F.4th 839 (6th Cir. 2024), *cert. denied*, 145 S. Ct. 1903 (2025). Prida seems to acknowledge this fact, noting that not "every belief claimed to be religious falls within the definition of religion." (Doc. No. 27, at 15–16.)

Discovery is also necessary to probe the sincerity of Prida's beliefs. *See, e.g.*, *Benton v. BlueCross BlueShield of Tennessee, Inc.*, 765 F. Supp. 3d 723, 730–32 (E.D. Tenn. 2025) (evaluating the sincerity and religious nature of the plaintiff's belief in the context of a renewed motion for judgment as a matter of law); *Equal Emp. Opportunity Comm'n v. Publix Super Markets, Inc.*, 481 F. Supp. 3d 684, 700 (M.D. Tenn. 2020) (recognizing that "[c]redibility issues such as the sincerity of an employee's religious belief are quintessential fact questions" and properly reserved to a jury (quotation marks omitted)); *Speer v. UCOR LLC*, No. 3:22-cv-426, 2024 WL 4370773, at *6 (E.D. Tenn. Oct. 1, 2024) ("[S]incerity is a factual finding, and while proving sincerity is typically not a difficult hurdle, the factfinder need not take a [plaintiff] at his word that he is sincere in his beliefs." (citations and quotation marks omitted)). Again, Prida admits as much, acknowledging that "[w]hether [her] beliefs and practices are sincere could present a factual issue under Supreme Court precedent." (Doc. No. 27, at 17.)

9

In sum, although the "judicial task in assessing evidence of a religious conflict is narrow," the Court "must nevertheless ensure the asserted conflict is sincerely based on a religious belief, rather than some other motivation, and that the belief actually conflicts with a workplace policy[.]" *DeVore*, 118 F.4th at 846 (citations and quotation marks omitted). Absent an admission by Option Care, discovery is necessary to resolve those issues, so judgment on the pleadings is improper.

### IV.  CONCLUSION

Because the pleadings—viewed in the light most favorable to Option Care—do not establish that Prida has a sincere religious belief that conflicted with her employment requirements, and Option Care has not judicially admitted otherwise, Prida's motion for partial judgment on the pleadings is **DENIED.** The Court previously stayed discovery, pending resolution of Prida's motion. (*See* Order [non-document, filed 4/11/2025.) By separate order, the Court will set this matter for a status conference to discuss case management dates and deadlines.

**IT IS SO ORDERED**.

Dated: July 17, 2025

                                        **HONORABLE SARA LIOI**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**